OPINION
{¶ 1} Plaintiff-appellant Richard Whittington appeals the August 28, 2002 Judgment Entry of the Licking County Court of Common Pleas which granted summary judgment against him. Defendants-appellees are James Conrad, Administrator, Bureau of Workers' Compensation, ("BWC") and Acloché LLC.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On September 19, 2002, appellant filed an Appeal pursuant to R.C. 4123.512 to the Licking County Court of Common Pleas. Appellees, Licking Memorial Hospital and Gary Sutliff were named as parties. Subsequently all but appellees were dismissed from the action.
 {¶ 3} On December 19, 2001, appellant filed a Complaint in this action. On January 7, 2002, Acloché filed an Answer. On January 18, 2002, BWC filed its Answer.
 {¶ 4} On May 9, 2002, appellant filed a motion for Default Judgment based upon the fact Mr. Conrad did not personally appear in court for a pretrial set for 2:00 p.m. on April 10, 2002. The assistant attorney general opposed the motion in a Memorandum. In a May 28, 2002 Judgment Entry, the trial court denied appellant's motion for default judgment, and appellant appealed the denial of the motion to this Court. In a Judgment Entry dated July 29, 2002, this Court dismissed appellant's appeal and remanded the case to the Licking County Court of Common Pleas for lack of a final appealable order.
 {¶ 5} On August 28, 2002, the trial court granted summary judgment in favor of appellees, finding appellant did not establish he suffered an industrial injury while in the course and scope of his employment with Acloché. It is from that Judgment Entry appellant prosecutes this appeal.
 {¶ 6} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 7} "(E) Determination and judgment on appeal.
 {¶ 8} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 9} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 11} At the outset, we note appellant's brief fails to comply with App.R. 12 and 16. Specifically, appellant fails to include a table of contents with page references; a table of cases; a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected; a statement of the issues presented for review; a statement of the case and facts; a conclusion, and arguably, any argument containing the contentions of appellant with respect to each assignment of error; and the reasons in support of these contentions with citations to authorities, statutes and parts of the record upon which appellant argues.
 {¶ 12} Each of these sections are required for an appellate brief pursuant to App. R. 16(A)(1) through (8). Because appellant's brief appears to be in total non-compliance with the rules, we find this filing is tantamount to failing to file any brief. Accordingly, we find we would be justified in dismissing this case for want of prosecution.
 {¶ 13} Nevertheless, as best as we can discern from appellant's two page "brief," appellant asserts the trial court erred in failing to grant him a default judgment against BWC. Appellant asserts because BWC, and Mr. Conrad, in particular, failed to appear at a pretrial, the trial court should have granted his default judgment.
 {¶ 14} Our review of the record indicates both appellees filed a timely answer to appellant's complaint thereby precluding a finding of default judgment. Any failure to appear at a pretrial would not be grounds for a default judgment. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} The August 28, 2002 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur.
topic: failure to grant summary judgment